UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH D. JOHNSON, | No. 2:13-cv-0641 DAD P |
| Plaintiff, | |
| v. | ORDER |
| SACRAMENTO COUNTY, | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

**SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

2  indisputably meritless legal theory or where the factual contentions are clearly baseless.  <u>Neitzke</u>,

3  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

4  pleaded, has an arguable legal and factual basis.  See <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th

5  Cir. 1989); <u>Franklin</u>, 745 F.2d at 1227.

6       Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

7  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

8  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  <u>Bell Atlantic

9  Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)).

10 However, in order to survive dismissal for failure to state a claim a complaint must contain more

11 than "a formulaic recitation of the elements of a cause of action;" it must contain factual

12 allegations sufficient "to raise a right to relief above the speculative level." <u>Bell Atlantic</u>, 550

13 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

14 allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S.

15 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

16 doubts in the plaintiff's favor.  <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

17      The Civil Rights Act under which this action was filed provides as follows:

18> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
19> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
20> law, suit in equity, or other proper proceeding for redress.

21 42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

22 actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

23 <u>Monell v. Department of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362

24 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

25 meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

26 omits to perform an act which he is legally required to do that causes the deprivation of which

27 complaint is made." <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

28 /////

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## PLAINTIFF'S COMPLAINT

In the present case, plaintiff has named Sacramento County, the Sacramento County Public Defenders and Assistant Public Defenders as the defendants in this action. In his complaint, plaintiff claims that he was denied his constitutional right to a fair trial, received ineffective assistance of counsel during his state court criminal proceedings, and that there was insufficient evidence to support a guilty verdict in his criminal case. Plaintiff claims that the defendants have been "deliberately indifferent" to his constitutional rights and have deprived him of his rights under the Fourteenth Amendment Due Process Clause. (Compl. at 1-6 & Attachs.)

## DISCUSSION

The court will dismiss plaintiff's complaint for failure to state a cognizable claim for relief.[1] A civil rights action is the proper mechanism for a prisoner seeking to challenge the conditions of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991). In contrast, habeas corpus proceedings are the proper mechanism for a prisoner seeking to challenge the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Here, plaintiff claims that the defendants' conduct resulted in him being convicted of a felony offense in state court. However, plaintiff has not indicated that the challenged felony conviction has been overturned or otherwise invalidated.

Under these circumstances, the court cannot allow plaintiff to proceed in this civil rights action. See Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) ("a state prisoner's § 1983 action is

---

[1] Plaintiff has consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636. (Doc. No. 7)

barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - if success in that action would necessarily demonstrate the invalidity of confinement or its duration.") (emphasis in original); Heck v. Humphrey, 512 U.S. 477 (1994) (a state prisoner may not recover damages under § 1983 for allegedly unconstitutional imprisonment, or for any other harm caused by "actions whose unlawfulness would render the imprisonment invalid," unless he can prove that the conviction or other basis for confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus).[2]  Plaintiff is advised that a writ of habeas corpus is his sole remedy by which to attack in federal court his state court criminal conviction and sentence.[3]

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (Doc. No. 6) is denied;

2. All pending motions (Doc. Nos. 2, 5 & 8) are denied as moot; and

3. This action is dismissed without prejudice.

Dated:  January 10, 2014

DAD:9
john0641.56

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

---

[2] Moreover, public defenders are not state actors within the meaning of §1983 when performing traditional lawyer duties in any event. Polk County v. Dodson, 454 U.S. 312, 325 (1981); Miranda v. Clark County, 319 F.3d 465, 468 (9th Cir. 2003) (en banc); see also Cox v. Hellerstein, 685 F.2d 1098, 1098-99 (9th Cir. 1982).

[3] It appears from court records that plaintiff has previously tried to challenge his underlying judgment of conviction and sentence several times in this court. Most recently, in Case No. 2:13-cv-0880 AC P, plaintiff filed a petition for writ of habeas corpus asserting similar claims to those asserted in his complaint in this civil rights action. The court transferred the petition to the Ninth Circuit Court of Appeals because the petition was second or successive. Plaintiff is reminded that, insofar as he wishes to challenge his judgment of conviction again in this court, he will first need to obtain an order from the Ninth Circuit Court of Appeals authorizing him to file a second or successive petition.